IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLEVELAND–CUYAHOGA COUNTY PORT AUTHORITY**<br>1100 W. 9th Street, Suite 300<br>Cleveland, Ohio 44113 ) ) ) ) | CASE NO.<br><br>JUDGE |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **THE INTERLAKE STEAMSHIP COMPANY, INC.**<br>7300Engle Road.<br>Middleburg Heights, Ohio 44130 ) ) ) ) ) ) | |
| ) | |
| ALSO SERVE<br>The Interlake Steamship Company, Inc. c/o<br>Statutory Agent<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215 ) ) ) ) ) | |
| ) | |
| And ) | |
| ) | |
| **XYZ COMPANY** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## <u>COMPLAINT</u>

Plaintiff Cleveland–Cuyahoga County Port Authority (the "Port"), by and through undersigned counsel, for its Complaint against Defendant Interlake Marine Steamship Company Inc. ("Interlake"), alleges as follows:

1

**NATURE OF THE ACTION**

1.      This is an action arising from an allision between a freighter operated by Interlake and a newly constructed bulkhead controlled by the Port along the Cuyahoga River in Cleveland, Ohio.

2.      On or about November 7, 2025, the M/V **MARK BARBER** (the "Vessel"), owned by Interlake, struck the Port's bulkhead structure, a stationary object within the navigable waters of the Cuyahoga River.

3.      As a direct and proximate result of the allision, the bulkhead suffered severe structural damage requiring emergency repairs, the cost of which is reasonably believed to exceed $300,000.

4.      The Port seeks recovery of all damages permitted under maritime law, including repair costs, consequential damages, pre-and post-judgment interest, and attorneys' fees to the extent allowed by law.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, as this action arises under the Court's admiralty and maritime jurisdiction.

6.      This is also an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this District and on navigable waters of the United States.

**PARTIES**

8.      Plaintiff Cleveland–Cuyahoga County Port Authority is a public entity and political subdivision of the State of Ohio. The Port's principal place of business is located at 1100 W. 9th Street, Suite 300, Cleveland, Ohio 44113.

9.      Upon information and belief, Defendant Interlake Steamship Company, Inc. is a Delaware corporation and registered to do business in Ohio.

10.      Interlake conducts business on the Great Lakes, including the Cuyahoga River. Interlake's principal place of business is 7300 Engle Rd. Middleburg Heights, Ohio 44130.

11.      Defendant XYZ COMPANY is a business entity of presently unknown legal form, whose true name, state of formation, and principal place of business are presently unknown to the Port. Upon information and belief, XYZ COMPANY conducted business through interstate commerce and will be substituted by amendment when its full legal identity is confirmed.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

12.      Upon information and belief, at all relevant times, Interlake or entities controlled by Interlake and at Interlake's direction, owned, operated, managed, crewed, or controlled the Vessell.

13.      Upon information and belief, XYZ Company, acted as an agent of Interlake in the operation, management, or control of the Vessel and acted within the scope of that relationship or with the actual or apparent authority.

14.      The Cuyahoga River is a navigable waterway of the United States.

3

15. The Port constructed and maintained a bulkhead structure along the river to support the shoreline stability and activities within the Cuyahoga River.

16. The bulkhead was newly constructed and in sound condition immediately prior to the incident.

17. Significantly, the bulkhead was a stationary object along the coast of the Cuyahoga River.

18. On November 7, 2025, the Vessel, while under the exclusive control of Interlake and its agents, collided with the Port's bulkhead.

19. The allision caused significant structural damage to the bulkhead and required significant repairs.

20. The Port was required to undertake emergency repairs to stabilize the structure and prevent further damage, environmental harm, and interruption of the use of the Cuyahoga River.

21. To date, additional repairs remain necessary to remedy the damage caused by the Vessel to the bulkhead.

22. The incident was not caused by any negligence or fault of the Port or the Port's agents.

23. Further, the bulkhead was properly constructed and did not pose a risk to Interlake or its operation of the Vessell.

24. Upon information and belief, the bulkhead the Vessel collided with— a stationary object in plain sight—was clearly visible to the operators of the Vessel.

4

25.     The allision was caused by Interlake's or its' agents' negligent operation of the Vessel, including but not limited to its:

    a) Failure to maintain proper control of the Vessel;

    b) Failure to properly navigate within the river;

    c) Failure to adequately train, supervise, or man the Vessel; and

    d) Failure to maintain or properly operate propulsion, steering, or navigation systems.

26. Interlake failed to keep an adequate lookout posted on the Vessel to spot and assist the Vessel to avoid the allision with the bulkhead.

27. Further, the Vessel failed to take all necessary action and precautions to avoid the allision with the Bulkhead.

28. Upon information and belief, Interlake's conduct may constitute gross negligence, recklessness, or willful misconduct, including disregard of known navigation risks or safety protocols.

29. As a direct and proximate cause of Interlake's negligence in the operation of the Vessel, the Port has suffered extensive damages including but not limited to: (1) labor, material, repairs and maintenance costs to remedy the damage caused to the bulkhead, and (2) investigative and cleanup costs associated with the destruction and damages caused to the bulkhead.

## FIRST CLAIM FOR RELIEF
### Maritime Negligence

30. The Port incorporates the previous paragraphs as if fully set forth herein.

31. Interlake owed a duty to the Port operate the Vessel in a safe and prudent manner to avoid damage to stationary objects.

32. Interlake breached its duty of care when it failed to maintain proper control of the Vessel and failed to properly navigate the Vessel through the Cuyahoga River without causing an allision with the bulkhead the Port constructed.

33. Interlake further breached its duty of care by failing to keep an adequate lookout to avoid an allision with the bulkhead and failed to take all necessary precautions to avoid the allision with the Bulkhead.

34. Interlake's negligence was the direct and proximate cause of the Port's extensive damages.

35. The Port is entitled to recover all damages recoverable under maritime law.

36. As a direct and proximate result of Interlake's conduct, the Port has suffered damages including, but not limited to: (1) Emergency repair costs estimated in excess of $300,000; (2) Permanent repair and reconstruction costs; (3) Engineering, inspection, and consulting costs; (4) Loss of use and operational disruption; and (4) Administrative and project management costs;

WHEREFORE, the Port respectfully requests that the Court enter judgment in its favor and against Interlake as follows:

A. An award of compensatory damages in an amount to be determined at trial, but believed to exceed $300,000;

B. Incidental and consequential damages as a result of Interlake's negligence;

C. An award of attorneys' fees and costs as permitted by law;

D. Pre-Judgment and post-judgment interest as allowed by law; and

E.  Granting such other and further relief as the Court deems just and proper.


**JURY DEMAND**

The Port demands a trial by jury on all issues so triable, in accordance with 28 U.S.C §1873.



Respectfully Submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS,
LLC


*/s/ Matthew D. Smith*
John Swansinger (0041503)
Matthew D. Smith (0099806)
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44144
Telephone: 216.615.7356
Fax: 216.615.7356
Email:  jswansinger@bdblaw.com

*Counsel for Cleveland Cuyahoga County Port
Authority*

**TO THE CLERK:**

Please serve a copy of the Complaint and Summons by certified mail, return receipt requested, upon the Defendants at the address set forth in the Complaint.

*/s/ Matthew D. Smith*
John Swansinger (0041503)
Matthew D. Smith (0099806)

4920-4359-2375, v. 2